DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| KELLEY MALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-cv-0085 |
| | ) | |
| MARIA PALMER, NORMA AYUSO, SONIA T. COLON, MAYTHE SANTIAGO, JORGE L. PRENDES, HILARY HODGE, JR, and JUAN CLEMENTE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**ORDER**

**BEFORE THE COURT** is the motion of Kelley Mala for reconsideration of the Court's September 14, 2010 Memorandum Opinion & Order, ECF No. 61, granting Defendants' Motion to Dismiss. (ECF No. 67.) For the reasons stated below, the motion is denied.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 11, 2005, Defendant Juan Clemente ("Clemente"), a Marine Enforcement Officer, along with other individuals not implicated in the complaint, boarded Plaintiff Kelley Mala's ("Mala") 21-foot vessel off the coast of Puerto Rico and allegedly seized property from Mala at gunpoint. Among the items taken from Mala were $1500 in legal tender, a religious garment belt, and Mala's travel bag. *See* Amended Compl. (ECF No. 8.)

Thereafter, on May 30, 2007, Mala filed a civil complaint, proceeding *pro se*, against defendants Clemente, Maria Palmer ("Palmer"), Norma Ayuso ("Ayuso"), Sonia T. Colon ("Colon"), Maythe Santiago ("Santiago"), Jorge L. Prendes ("Prendes"), and Hilary Hodge, Jr. ("Hodge") (collectively "Defendants") related to the deprivation of his property, alleging a civil conspiracy to violate his civil rights, fraud-in-the inducement, and common fraud. (ECF No. 1.) On June 24, 2008, prior to service of the complaint, Mala filed an amended complaint, indicating that Defendants were being sued in their individual capacity. (ECF No. 8.)

On January 19, 2010, Defendants filed a motion to dismiss this action, citing, *inter alia*, improper venue. *See* ECF No. 29. Defendants moved, in the alternative, for transfer of venue to the District of Puerto Rico. *Id.* On September 14, 2010, weighing the venue considerations set forth at 28 U.S.C. § 1391(b) (2002)[1] ("section 1391(b)"), the Court granted Defendants' motion to transfer venue and transferred venue to the United States District Court for the District of Puerto Rico. (ECF No. 61.) The Court observed that the seizure was alleged to have occurred in the District of Puerto Rico; that all defendants, save one, resided in Puerto Rico; and that all witnesses and documents related to the seizure were located in Puerto Rico. *Id.* at 8-9. Accordingly, the Court found that the claims "clearly arose in Puerto Rico," and therefore that the District of Puerto Rico "represent[ed] a more appropriate venue for the litigation of Mala's claims." *Id.* at 9.

Thereafter, Mala filed two motions that the Court construed as motions for reconsideration of the Court's September 14, 2010 Memorandum Opinion and Order. (ECF Nos. 63 and 64.) In his motions, Mala argued that because his actions asserted claims against government officials, 28 U.S.C. § 1391(e) ("section 1391(e)") was the operative provision.[2] *Id.* at 1. He further asserted that, even if section 1391(b) controlled, the Court erred in its

---

[1] The, then current, section provided:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (2002).

[2] That section provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

(ECF No. 66 at 3) (citing 28 U.S.C. § 1391(e)).

application thereof. *Id.* at 1. To that end, Mala argued that the Court failed to give due weight to documents such as a U.C.C. financing statement issued by the Virgin Islands Recorder of Deeds, a certificate of boat registration issued by the United States Virgin Islands, and Mala's United States Virgin Islands driver's license. (ECF No. 63 at 4.)

The Court found that because Mala had filed his complaint against Defendants in their individual capacity, as indicated in the Amended Complaint, it had correctly analyzed venue pursuant to section 1391(b). (ECF No. 66 at 4-5.) The Court further found that Mala had "failed to establish a nexus" between the exhibits indicated in his argument and "the events at the center of his claims—the defendants' allegedly unlawful seizure of and failure to return his property." *Id.* at 5. Accordingly, the Court found no basis for reconsideration and denied Mala's motion. *See id.*

On January 5, 2022, Mala filed a second motion for reconsideration, presently before the Court. (ECF No. 67.) No defendant has filed a response to date.

## II. LEGAL STANDARD

Motions for reconsideration are governed by Local Rule of Civil Procedure 7.3 which provides:

> (a) A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed in accordance with LRCi 6.1(b)(3). A motion to reconsider shall be based on:
> (1) an intervening change in controlling law;
> (2) the availability of new evidence, or;
> (3) the need to correct clear error or prevent manifest injustice.
> (b) A motion for reconsideration shall state whether it is based upon LRCi 7.3(a)(1), (2) or (3) and shall concisely identify, without argument, the relevant change in controlling law, the new evidence, or the clear error (as applicable). Any argument related to the motion shall be included in the separate memorandum required under LRCi 7.1(c)(1)..

LRCi 7.3.

Furthermore, under LRCi 6.1(b)(3), "[m]otions for reconsideration . . . shall be filed within 14 days after the entry of the applicable order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown." LRCi 6.1(b)(3).

## III. ANALYSIS

Mala's arguments in the instant motion are difficult to discern. From what the Court

can gather, Mala appears to reassert certain arguments contained in the initial motions for reconsideration—namely, that the Court improperly applied section 1391(b). *See generally* ECF No. 67 at 8-10. Mala also calls attention to the differences between the version of section 1391(b) that was active as of September 14, 2010, and its current iteration. *Id.* at 2.[3]

While Mala makes vague claims that the Court clearly erred in its analysis, the only new argument effectively is that there has been an intervening change in the controlling law. The Court acknowledges that there have been some, albeit minor, changes in the controlling law since the publication of the September 14, 2010 Memorandum Order and Opinion. However, the Court cannot ignore the fact that Mala's second motion is grossly untimely. As referenced above, motions for consideration must be filed within fourteen days of the entry of the applicable order unless time is extended by the Court. The deadline for such motions was never extended by the Court. Therefore, any motions for reconsideration of the September 14, 2010 order were due September 28, 2010. Accordingly, Mala's motion was filed 4118 days out of time.

Mala does not acknowledge this enormous deficiency in his motion, seeks no extension of time to file, and asserts no claims of good cause for the untimely motion. Absent any such argument for good cause, the Court must deny the motion for failure to comply with the timeliness requirement of LRCi 6.1(b)(3). *See Alfone v. Town of Boonton*, Civil Action No. 15-6656 (CCC), 2017 U.S. Dist. LEXIS 161999, at *6 (D.N.J. Sep. 29, 2017) (holding that "the burden is on the moving party to show 'good cause'" for untimely filings).

Furthermore, even if the Court were to consider Mala's argument, the outcome would

---

[3] Mala incorrectly asserts that the Court "reworded" the statute. However, a 2011 amendment to section 1391(b) updated the language with regard to venue, and now states:

> A civil action may be brought in—
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. 1391(b)(current).

*Mala v. Palmer et al.*
Case No. 3:07-cv-0085
Order
Page 5 of 5

remain. A 2011 amendment to section 1391(b) resulted in two minor changes, neither of which affect the Court's analysis. The operative subsection of section 1391(b), which permits venue to be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" remains unchanged. *Compare* 28 U.S.C. § 1391(b) (current) *with* 28 U.S.C. § 1391(b) (2002). The events that gave rise to Mala's complaint occurred in the District of Puerto Rico. Therefore, the District of Puerto Rico was an appropriate venue for this action.

Accordingly, it is hereby

**ORDERED** that Plaintiff Kelley Mala's motion for reconsideration, ECF No. 67, is **DENIED.**

**Dated:** September 28, 2022                                            */s/ Robert A. Molloy*
                                                                                              **ROBERT A. MOLLOY**
                                                                                              **Chief Judge**